■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v JAMES BARKER, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed January 5, 1977, upon his conviction of assault in the first degree, upon his plea of guilty, the sentence being a term of imprisonment with a minimum of 5 years and a maximum of 15 years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a term of imprisonment with a minimum of one year and a maximum of six years. As so modified, sentence affirmed. The sentence was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BRINKLEY and ROBERT MURRAY, Appellants.—Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered August 8, 1975, convicting them of (felony) murder upon a jury verdict, and imposing sentence. Defendant Murray also appeals from an order of the same court, entered August 26, 1975, which denied his motion to vacate the conviction and for a new trial. Judgments and order affirmed. There was overwhelming proof of both the underlying predicate felony and the homicide in support of the verdict finding the defendants guilty of felony murder. The order appealed from was properly made. Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER BURNS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 19, 1974, convicting him of manslaughter in· the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Any error which may have occurred herein was harmless (see *People v Crimmins,* 36 NY2d 230). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNA FOGGIE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 28, 1975 (the date on the clerk's extract is July 2, 1975), convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The jury pool, when defendant-appellant was tried, consisted of approximately 20% women. The jury panel contained eight men and four women. Although a higher percentage of women in the jury pool is desirable, the composition at the time of defendant's trial was not at an impermissible level (see *People v Parks,* 41 NY2d 36). In the light of the overwhelming proof of guilt, the errors complained of were harmless and did not deprive defendant of a fair trial (see *People v Crimmins,* 36 NY2d 230). Her contention that the sentencing provisions of the narcotics statutes are unconstitutional as applied, to her is without merit (see *People v Broadie,* 37 NY2d 100, cert den 423 US 950). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.